Linda P. Jeffrey Topeka City Attorney 200 E. 7th Street Topeka, Kansas 66603-3979
Dear Ms. Jeffrey:
You request our opinion whether an initiative and referendum petition which seeks to limit terms for the mayor and council members is legally appropriate in light of the fact that the city of Topeka has a charter ordinance which prescribes the qualifications for its mayor and council members. Specifically, you inquire whether a charter ordinance may be adopted pursuant to the initiative and referendum statute found at K.S.A. 12-3013.
K.S.A. 12-3013 provides a procedure whereby a city's electors may initiate by petition any proposed ordinance. However, the statute does not apply to administrative ordinances, ordinances relating to public improvements, and "ordinances subject to referendum or election under another statute." In Attorney General Opinion No. 76-34 we concluded that a charter ordinance is not an "ordinance subject to referendum or election under any statute" because it is subject to referendum only under article 12, sec. 5 of the Kansas constitution. However, we opined that a proposed charter ordinance may not be submitted to the electorate upon an initiative petition filed pursuant to K.S.A. 12-3013 because the procedure for adoption of a charter ordinance is prescribed solely and exclusively by article 12, section 5(c) of the Kansas constitution. We reiterated this conclusion in Attorney General Opinion No. 81-252 and see no reason why we should now depart from it.
Your second question is whether an ordinary ordinance is sufficient to limit terms of office when the qualifications and terms of office are established in an existing charter ordinance. The city of Topeka does not utilize any of the statutory forms of government. Instead, the city has created its own form of government by charter ordinance. Section A2-16(b) of the Topeka home rule charter sets forth the qualifications for mayor and council members and section A2-17(d) establishes their terms of office.
Article 12, section 5(c)(4) of the Kansas constitution states, as follows:
 "Each charter ordinance enacted shall control and prevail over any prior or subsequent act of the governing body of the city and may be repealed or amended only by charter ordinance or by enactments of the legislature applicable to all cities." (Emphasis added).
The term limit proposition in question attempts to amend section A2-16(b) by adding an additional qualification for running for mayor and city council member. Attorney General Opinion No. 93-24, 78 Cornell Law Review 966, 977 (1993); 26 Creighton Law Review 321, 350 (1993). If an ordinary ordinance was sufficient to accomplish this objective, then article 12, section 5(c)(4) would have no meaning.
Therefore, it is our opinion that an attempt to amend a charter ordinance violates article 12, section 5(c)(4) of the Kansas constitution and the city of Topeka has no duty to submit such a measure to the electorate under the provision of K.S.A. 12-3013(a).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm